IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LLOYD MURRAY, § | |
| Plaintiff, § | |
| v. § | No. 19-cv-1880-N (BT) |
| § | |
| TEX. DEPT. OF PARDONS § | |
| AND PAROLES, *Regional* § | |
| *Director, Dallas District*, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lloyd Murray filed this *pro se* civil action under 42 U.S.C. § 1983. The Court granted him leave to proceed *in forma pauperis*, but withheld process pending judicial screening. Now, for the following reasons, the Court recommends that Plaintiff's complaint be dismissed.

I.

In his Complaint, Plaintiff states he is on parole and subject to the Super Intensive Supervision Program (SISP). He claims the SISP restrictions prevent him from participating in an off-campus therapy program through the Veteran's Administration and from obtaining employment. By his lawsuit, Plaintiff seeks to enjoin Defendant from imposing the SISP requirements.

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on

1

which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III.

Plaintiff's claims are barred by the statute of limitations. A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Here, Plaintiff states he was placed on parole under the SISP conditions on April 1, 2015. (ECF No. 6 at 2.) Plaintiff states he agreed to the SISP conditions because he wanted to be released from prison, but that he could not legally agree to the SISP conditions because they constituted a second sentence. (*Id.*) Plaintiff therefore knew about the SISP conditions at the time he was placed on parole on April 1, 2015. He did not file this complaint until August 7, 2019—more than four years later. The complaint is therefore untimely.

The Court also finds that a continuing violation theory does not toll the limitations period. *See McGregro v. La. State Univ. Bd. Of Supervisors*, 3 F.3d 850, 867 (5th Cir. 1993) (finding a plaintiff cannot use the continuing violation theory to resurrect claims alleging a civil rights violation "concluded in the past, even though its effects persist."); *Cooper v. Owens*, 303 F. App'x 179, 180 (5th Cir. 2008) (finding SISP claim was barred by the § 1983 two-year limitations period). Additionally, Plaintiff has stated no basis for equitable tolling of the limitations period. His complaint is therefore barred by the statute of limitations.

IV.

Plaintiff's complaint should be dismissed as barred by the statute of limitations. Plaintiff's motion for temporary restraining order and motion for summary judgment should be denied.

Signed October 8, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

4